11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael
Dwain Effler 

Appellant

Vs.      
            No. 11-02-00263-CR B 
Appeal from Palo Pinto County

State of Texas

Appellee

 

After the
trial court denied his written motion to suppress evidence, Michael Dwain
Effler pleaded guilty to the offense of possession of a controlled substance,
to-wit: methamphetamine, in an amount greater than 400 grams.  The trial court assessed appellant=s punishment at confinement for a term of 35
years in the Institutional Division of the Texas Department of Criminal Justice
and imposed a fine of $5,000.  Appellant
raises three issues which attack the trial court=s denial on the motion to suppress. 
We affirm.

In
reviewing a trial court=s ruling on a motion to suppress, we use a bifurcated standard of
review.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex.Cr.App.2000).  We afford
almost total deference to a trial court=s determination of historical facts supported by the record, especially
when the trial court=s fact
findings are based upon an evaluation of credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Cr.App.2000)(citing Guzman v. State, 955 S.W.2d 85, 88‑89
(Tex.Cr.App.1997)). We afford the same amount of deference to the trial court=s ruling on mixed questions of law and fact
if the resolution of those questions turns on an evaluation of credibility and
demeanor.  Guzman v. State, supra at
89.  However, we review de novo the
trial court=s application of the law to the facts.  Guzman v. State, supra at 89.








Appellant
sought to suppress physical evidence obtained from his trailer house after a
warrantless entry by law enforcement officers. 
Area law enforcement officials responded to a report of unusual odors
emanating from appellant=s trailer house.  The officers
that responded to the scene detected the strong smell of anhydrous ammonia and
ether upon their arrival at appellant=s trailer house.  The officers
testified that these odors are commonly present during the manufacture of
methamphetamine.  As they walked toward
appellant=s trailer house, the officers heard the sound
of someone running in the trailer house. 


 Two officers approached the front door of the
trailer house while additional officers covered the other doors to the trailer
house.  Appellant=s guest answered the door.  The officers requested permission to enter
the home.   The guest advised the
officers that he would need to obtain 
permission from appellant in order to permit them to enter.  The officers testified that the guest then
turned around quickly and started running; at that point the officers entered
the trailer house.  The officers
apprehended appellant as he was attempting to pour the contents of two
one-gallon jars down a sink.  The
officers observed plastic bags containing an off-white powder substance during
their sweep of the trailer house.  The
officers subsequently obtained a search warrant based on the facts they
observed during their initial entry into the residence.

Appellant
contends in his third issue that the trial court abused its discretion in
finding the officers=
testimony credible.  Appellant=s guest denied that anyone was running inside
of the trailer house upon the officers= arrival at the home.  He
further denied that he ran from the door after encountering the police.  Appellant also attacks the officers= testimony by pointing out that some of the
details of their testimony at the hearing on the motion to suppress were
omitted from their written  report of
the incident.  As noted previously, we
afford almost total deference to a trial court=s determination of a witness=s credibility.   State v. Ross,
supra at 856.  The record does not
demonstrate that the trial court abused its discretion in accepting the
officers= account of what occurred.  Appellant=s third issue is overruled.








In his
first issue, appellant attacks the officers= warrantless entry into his residence. 
The facts in this case are similar to those in McNairy v. State, 835
S.W.2d 101, 106 (Tex.Cr.App.1991). 
Police officers in McNairy detected the strong smell of
methamphetamine emanating from a trailer house.  As they approached the trailer house, the officers heard
individuals running from the residence into nearby brush.  As the officers looked through the doors of
the trailer house to see if anyone was present, they observed chemicals
associated with the manufacture of methamphetamine. The court ultimately upheld
this warrantless search of the trailer house. 
The Court of Criminal Appeals stated as follows with respect to the law
applicable to the case:

An unconsented police entry into a
residential unit constitutes a search.

 

                                                            *   *  
*

 

In order
for a warrantless search to be justified, the State must show the existence of
probable cause at the time the search was made, and the existence of exigent
circumstances which made the procuring of a warrant impracticable.  Probable cause to search exists when
reasonably trustworthy facts and circumstances within the knowledge of the
officer on the scene would lead a man of reasonable prudence to believe that
the instrumentality of a crime or evidence of a crime will be found.

 

                                                            *   *  
*

 

If probable
cause is present, the inquiry becomes whether exigent circumstances existed to
obviate the need for a search warrant and justify the [warrantless entry].

 

                                                            *   *  
*

 

A variety
of such circumstances may place a police officer in situations in which a warrantless
entry is viewed as a reasonable reaction by the officer.  Situations creating exigent circumstances
usually include factors pointing to some danger to the officer or victims, an
increased likelihood of apprehending a suspect, or the possible destruction of
evidence.  (Citations omitted)  

 

McNairy v. State, supra at 106-07.

 

We first
analyze the record for evidence indicating the existence of probable
cause.  The trial court filed detailed
findings of fact in this proceeding. 
The trial court determined that probable cause existed based on several
factors, including the smell of odors associated with the manufacture of
methamphetamine emanating from appellant=s trailer house, the officers= knowledge and experience that these odors were associated with the
manufacture of methamphetamine, the officers= perception of someone running inside the trailer house as the officers
approached the front door, and the guest=s act of running quickly from the door after making contact with the
officers.  As was the case in McNairy,
these facts indicate the existence of probable cause to search.  








We next
review the record to determine whether exigent circumstances existed to justify
the warrantless entry into the residence. 
The officers testified that they were concerned about the destruction of
evidence and their personal safety as a result of both the movement they heard
inside of the trailer house as they approached the front door and the guest=s act of moving quickly away from the door
after making contact with them.  The
possible destruction of evidence can serve as an exigent circumstance
permitting a warrantless entry if the police could have reasonably concluded
that evidence would have been destroyed or removed before they could obtain a
search warrant.  McNairy v. State, supra
at 107.  We conclude that exigent
circumstances justified the officers= entry into appellant=s trailer house based on the movement inside the trailer house detected
by the officers as they approached the front door, the guest=s act of moving quickly away from the door
after making contact with the officers, and the officers= knowledge that the guest was not alone in
the home.  Appellant=s first issue is overruled.

We note
that the Court of Criminal Appeals has recently issued an opinion which
addresses probable cause based on an officer=s detection of a drug-related smell emanating from a residence.  In State v. Steelman, 93 S.W.3d 102, 104
(Tex.Cr.App.2002), police officers received an anonymous tip that drug dealing
was taking place at the Steelman residence. 
The officers detected the smell of burnt marihuana emanating from the
residence when one of the occupants opened the door.  The officers entered the home and arrested all of the occupants
for possession of marihuana based on their detection of this odor.  The Court of Criminal Appeals affirmed this
court=s determination that the arrest and
subsequent search were invalid.  The
court held in Steelman that odors alone do not authorize a warrantless
search and seizure in a home.  State v.
Steelman, supra at 108.  Steelman
is legally and factually distinguishable from the instant case.  There was no claim in Steelman of
exigent circumstances requiring the officers= entry into the residence. 
Furthermore, the officers in Steelman entered the home for the
purpose of effecting a warrantless arrest of its occupants.  The officers in this appeal entered
appellant=s trailer house for the purposes of
preventing the destruction of evidence and protecting themselves.  

Appellant argues
in his second issue that the search warrant that the officers eventually
obtained and served was invalid.  This
issue is dependent upon a determination that the officers= initial entry into the residence was
invalid.  Our determination that the
initial entry was valid is dispositive of this issue.  Appellant=s second issue is overruled.








The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

August 7, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.